MEMORANDUM DECISION
This is an appeal by defendant, Ronald E. Brown, from a judgment of the Franklin County Court of Common Pleas, denying defendant's motion to withdraw a guilty plea.
On May 20, 1994, defendant was indicted on three counts of felonious sexual penetration, one count of rape, one count of kidnapping and one count of gross sexual imposition. On November 1, 1994, defendant entered a guilty plea to attempted rape, a lesser-included offense to count three of the indictment. The trial court entered a nolle prosequi as to counts one, two, four, five and six of the indictment.
On December 13, 1994, defendant filed a motion to withdraw his plea. The trial court subsequently scheduled a hearing on the matter for December 21, 1994. At that hearing, defense counsel indicated that defendant wished to withdraw his motion and proceed to sentencing. The trial court then entered sentence against defendant by entry filed December 22, 1994.
On July 30, 1998, defendant filed with the trial court a motion to withdraw his guilty plea entered in 1994. By decision and entry filed March 22, 1999, the trial court denied defendant's motion.
This matter is before this court upon our granting of defendant's motion for delayed appeal. Defendant sets forth the following assignment of error for review:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT MOTION TO WITHDRAW HIS PLEA OF GUILTY BY FAILING TO ADDRESS APPELLANTS CLAIM THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE TIME HIS PLEA WAS ENTERED IN VIOLATION OF APPELLANTS SIXTH AND FOURTEENTH AMENDMENTS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION.
Under his single assignment of error, defendant contends that the trial court, in overruling defendant's motion, erred by failing to address the claim he was denied effective assistance of counsel at the time his plea was entered.
Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * * but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his [or her] plea." The Ohio Supreme Court, in construing Crim.R. 32.1, has held that "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice."State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Decisions made on a motion to withdraw a guilty plea "are left to the sound discretion of the trial court, and this court's review is limited to a determination of whether the trial court abused that discretion." State v. Hastings (Dec. 15, 1998), Franklin App. No. 98AP-421, unreported (1998 Opinions 5683, 5687).
In State v. Lutman (June 30, 1999), Lucas App. No. CR-0199702921, unreported, the court stated that:
 * * * "[A] defendant who pleads guilty upon the advice of counsel `may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson (1970), 397 U.S. 759, 25 L.Ed.2d 763, 90 S.Ct. 1441].'" Hill v. Lockhart (1985), 474 U.S. 52, 56-57, 88 L.Ed.2d 203, 106 S.Ct. 366, citing Tollett v. Henderson (1973), 411 U.S. 258, 267, 36 L.Ed.2d 235, 93 S.Ct. 1602. The United States Supreme Court set forth a two-part standard for evaluating claims of ineffective assistance of counsel: (1) appellant must establish that his counsel's representation fell below an objective standard of reasonableness; and (2) appellant must establish that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668, 687-688, 80 L.Ed.2d 674, 104 S.Ct. 2052, and 694. The United States Supreme Court also applied this two-part standard to claims arising out of the plea process, and held:
 "We hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett v. Henderson, supra, and McMann v. Richardson, supra. The second, or `prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Emphasis added.) Hill at 58-59.
Defendant contends that his trial counsel was ineffective because counsel apparently failed to follow through on defendant's requests to have defendant submit to a lie detector test and DNA testing which, defendant asserts, would have proven his innocence. Defendant also argues that he told his trial counsel that the mother of the victim had made similar allegations against a former boyfriend.
As noted by the state, defendant would have been aware of the above matters at the time he entered his guilty plea. However, a review of the transcript of the plea hearing indicates that defendant did not raise such concerns at that time. Rather, defendant waited almost four years to assert a claim of ineffective assistance of counsel. The Ohio Supreme Court has held that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."Smith, supra, at paragraph three of the syllabus. In the present case, defendant's delay in asserting matters outside the record as to purported representations involving his counsel (which we note could have been pursued by way of a petition for post-conviction relief) adversely affects his credibility.
Further, the only evidence regarding the above claims consists of defendant's conclusory allegations. This court has previously held that, "absent further demonstrations of prejudice,
a party's broad, conclusory allegations to the effect that he has been denied effective assistance of counsel" are insufficient to support withdrawal of a plea. Hastings, supra, at 5687. Moreover, even assuming the purported requests for DNA and polygraph testing were made, defense counsel's decision not to pursue such testing may have been tactical to avoid the risk of creating evidence that might implicate defendant. However, apart from defendant's self-serving declarations, there is nothing in the record by which this court could conclude that there was a "reasonable probability" that, but for the failure to obtain DNA testing or lie detector results, the outcome of the trial would have been different.
In the present case, a review of the plea hearing indicates that defendant acknowledged that he was aware of the consequences of a guilty plea and that he was entering his plea voluntarily. Further, the record indicates that, based on defendant's plea to a lesser-included offense, the state requested that the court enter a nolle prosequi as to the remaining five counts of the indictment. Based upon the totality of the circumstances, including defendant's unexplained delay in pursuing his claim of ineffective assistance of counsel, as well as the lack of any evidence to challenge the plea other than defendant's self-serving assertions, defendant has failed to sustain his burden of showing a manifest injustice or prejudicially deficient performance by his counsel. Accordingly, the trial court's refusal to grant defendant's motion, based upon the facts before it, did not constitute an abuse of discretion.
Based upon the foregoing, defendant's single assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.